UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR COLLINS, an Individual,<br><br>    Plaintiff,<br><br>v.<br><br>SAN DIEGO METROPOLITAN TRANSIT SYSTEM; OFFICER D. BELVIS; OFFICER F. MOYA; UNIVERSAL SERVICES OF AMERICA, INC.; AND DOES 1-10, INCLUSIVE,<br><br>    Defendants. | CASE NO. 3:13-cv-0960-AJB-WMC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>(Doc. No. 9.) |

Presently before the Court is Defendants San Diego Metropolitan Transit System ("MTS") and Officer D. Belvis' (collectively, "Defendants") Motion to Dismiss, (Doc. No. 9), Plaintiff Victor Collins's ("Plaintiff") First Amended Complaint, (Doc. No. 5, "FAC"). In accordance with Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers and without oral argument. For the reasons set forth below, the Court GRANTS Defendants' Motion.

## **BACKGROUND**

The instant action arises from an incident that occurred on April 12, 2012, on the San Diego Blue Line trolley. (FAC ¶ 6.) Plaintiff alleges that Officers Belvis, an employee of MTS, and Moya, an employee of Universal Services of America, conducted a fare inspection of Plaintiff's ticket. (*Id.* at ¶¶ 4-6.) Plaintiff further alleges that, after he provided a valid ticket, Officer Belvis hesitated to return the ticket and Officer Moya told

Plaintiff "I will deny you service." (*Id.*) Officers Belvis and Moya then escorted Plaintiff off the trolley at the subsequent stop. (*Id.*)

As the officers escorted Plaintiff off the trolley, Officer Moya allegedly took Plaintiff's computer case, dropped it on the floor with unnecessary force and then used extreme force while applying hand restraints on Plaintiff. (*Id.* at ¶¶ 7-8.) According to Officer Belvis's report, he had been attempting to conduct a welfare check on Plaintiff, who was combative and non responsive. (*Id.* at ¶ 18.) After restraining Plaintiff, the officers then asked if there were any illegal drugs or weapons in the computer case, if Plaintiff was the subject of any outstanding warrants, and if he was under the influence of drugs, alcohol, or medication. (*Id.* at ¶¶ 9-10.) After fifty minutes, Officer Williams of the San Diego Police Department arrived and Plaintiff was cited for failure to comply with a lawful order. (*Id.* at ¶ 12, Ex. A at 4.) On October 19, 2012, Plaintiff appeared at a state trial to argue the citation. (*Id.* ¶ 19.) The state court ordered Plaintiff to pay a $275 fine by working at a non-profit organization. (*Id.*)

Plaintiff filed the present FAC on May 7, 2013, alleging five causes of action: (1) malicious prosecution; (2) abuse of process; (3) violation of civil rights; (4) intentional infliction of emotional distress; and (5) damage to personal property. (*Id.* at ¶¶ 18-19, 20-21, 22-23, 24-25, 26.) Defendants move this Court to dismiss the action and Plaintiff has filed an Objection. (Doc. No. 9 and 10.) Officer Moya is not joined in this Motion, nor has he filed an independent motion or answer.

## LEGAL STANDARD

### I.   Motion to Dismiss

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, courts are not "bound

to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 664. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

## DISCUSSION

### I. Defendants' Motion to Dismiss

Defendants move to dismiss the FAC in its entirety on grounds that Officer Belvis and MTS have qualified immunity, and even if Plaintiff pierces that immunity, each of Plaintiff's claims independently fail. (*Id.*) The Court addresses Plaintiff's claims individually, discussing qualified immunity as necessary.

#### A. Malicious Prosecution

Plaintiff's first claim alleges that Officer Belvis "took a malicious interest in removing Plaintiff from the trolley" and "wrongfully deprived Plaintiff of his Fourteenth Amendment right to liberty for reasons that lack probable cause." (FAC ¶ 18.) Defendants argue that Plaintiff's prima facie claim for malicious prosecution fails because he did not allege any facts indicating the previous action had been resolved in his favor. (Doc. No. 9 at 5.) Additionally, Defendants argue that Officer Belvis and MTS are immune from liability. (*Id.* at 6.)

A plaintiff must allege both the elements of a state law malicious prosecution claim and that the prosecution was brought for the purpose of denying a specific constitutional right. *Usher v. City of Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987). Under California law, a plaintiff must establish "the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice." *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 871 (1989) (internal citations omitted); *Sagonowsky v. More*, 64 Cal.App.4th 122, 128 (1998). A plaintiff must allege more than a mere conclusory accusation of malice. *See Iqbal*, 556 U.S. at 664.

As alleged, Plaintiff's claim fails. First, Plaintiff has not shown a legal proceeding resolving in his favor. *See Sheldon Appel Co.*, 47 Cal.3d at 871. Instead, the state court proceeding terminated against him and Plaintiff admits the court ordered him to pay a $275 fine.[1] (FAC ¶ 19.) Second, Plaintiff has not shown defendant lacked probable cause to bring the legal proceeding. *See Id.* Instead, Plaintiff notes that Officer Belvis declared in his report that "Plaintiff yelled at him and made menacing gestures toward Officer Belvis's face as if Plaintiff was going to hit his face with a ticket." (FAC ¶ 18.) Plaintiff does not provide any facts to contradict this report and fails to show why the officer lacked probable cause.

Additionally, Defendants argue that Officer Belvis and MTS are immune from liability for a claim of malicious prosecution. (Doc. No. 9 at 6.) Under California law, "A

---

[1] The Court notes that Plaintiff alleges the proceeding resulted in a favorable termination in the Reply to Defendant's Motion to Dismiss. (Doc. No. 10 at 4.) Specifically, Plaintiff attaches a copy of the state appellate court ruling that shows the court reversed judgement of the lower court and remanded for further proceedings. (*Id.* at 13.) However, a remand for further proceedings does not constitute a favorable termination. *See Sheldon Appel Co.*, 47 Cal.3d at 871. Without additional facts with regards to the remanded action, this Court cannot determine if the state court proceeding terminated in Plaintiff's favor. Moreover, the Court declines to consider new facts, issues, or arguments in a reply brief that were not presented in the moving papers. *See United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (noting "[parties] cannot raise a new issue for the first time in their reply briefs"); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n. 5 (9th Cir. 2003) (refusing to "consider new issues raised for the first time in a reply brief"); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (holding "[i]ssues raised for the first time in the reply brief are waived").

public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." West's Ann. Cal. Gov. Code § 821.6; *see also Scannell v. County of Riverside*, 152 Cal.App.3d 596, 604 (Cal.App. 1984). Likewise, if the officer is immune from a claim of malicious prosecution, so is the entity employing him. West's Ann. Cal. Gov. Code § 815.2 (d); *Scannell*, 152 Cal.App. at 604.

Plaintiff alleges that Officer Belvis maliciously removed Plaintiff from the trolley, questioned, and then cited him. (FAC ¶ 18-19.) Plaintiff fails to show how such actions fall outside the scope of an officer's employment. Therefore, as alleged, Officer Belvis would be entitled to immunity § 821.6. Likewise, MTS would also be immune under § 815.2 (d). Thus, the Court DISMISSES Plaintiff's claim of malicious prosecution with leave to amend.

### B.   Abuse of Process

Plaintiff's second claim alleges Defendants "improperly abused his authority when he removed Plaintiff from the trolley after Plaintiff presented his valid fare." (FAC ¶ 21.)

Under California law, a plaintiff brining an abuse of process claim must show the defendant "(1) contemplated an ulterior motive in using the judicial process, and (2) committed 'a willful act in the use of th[at] process not proper in the regular conduct of the proceedings." *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1037 (9th Cir. 2008) (quoting *Oren Royal Oaks Venture v. Greenberg, Bernhard, Wiess & Karma, Inc.*, 42 Cal.3d 1157, 1159 (1986)). An abuse of process claim "requires misuse of a *judicial* process." *Estate of Tucker*, 515 F.3d at 1037 (quoting *Stolz v. Wong Comm'cs Ltd. P'ship*, 25 Cal.App.4th 1811, 1822 (1994)). An abuse of process claim differs from a malicious prosecution claim because "the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than what it was designed to accomplish." *Garcia v. City of Merced*, 637 F.Supp.2d 731, 750 (E.D. Cal. 2008) (citing Prosser, *Law of Torts* 856 (4th ed. 1971)).

Plaintiff alleges that Officers Belvis and Moya abused their authority and used an unnecessary amount of force. (FAC ¶ 21.) However, Plaintiff does not allege any misuse of a judicial process, for an end other than what it was designed to accomplish, normally found in an abuse of process claim. *See, e.g.*, *Cantu v. Resolution Trust Corp.*, 4 Cal.App.4th 857, 885 (1992) (plaintiff alleged abuse of process when defendant allegedly filed an improper interpleader to stay the action); *Hernandez v. Cate*, 918 F.Supp.2d 987, 1000 (C.D. Cal. 2013) (defendant alleged abuse of process when plaintiff allegedly filed a third frivolous action on the same issues and facts); *Vierra v. California Highway Patrol*, 644 F.Supp.2d 1219, 1245-46 (E.D. Cal. 2009) (plaintiff alleged abuse of process when defendants allegedly used the worker's compensation claim appeals process to conduct sham investigations). Therefore, the Court DISMISSES Plaintiff's second claim of an abuse of process with leave to amend.[2]

### C. Violation of Civil Rights

Plaintiff's third claim alleges that all defendants violated Plaintiff's civil rights. (FAC ¶ 22-23.) In response, Defendants argue that Plaintiff has not adequately pled a civil rights claim, furthermore both Officer Belvis and MTS are entitled to qualified immunity. (Doc. No. 9 at 10-13.) The Court first examines the officer's individual liability and then examines MTS's liability as a supervisor.

#### 1. Officer Belvis and Officer Moya's Individual Liability

As to the individual officer, Plaintiff alleges that Officer Belvis targeted him on the basis of racial profiling and that both officers violated his right to remain silent, his right to liberty, and his Eighth Amendment rights. (FAC ¶¶ 22-23.) To state a claim under Section 1983, a plaintiff must allege sufficient facts to show: (1) a person acting "under color of state law" committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Shah v. County of Los Angeles*, 797 F.2d 743, 746 (9th Cir. 1986).

---

[2] The Court does not address Defendants' argument that immunity from liability against malicious prosecution claims extends to abuse of process claims because that argument is moot in light of the Court's ruling.

As previously noted, claims must also conform to Rule 8's pleading standards. *See* Fed. R. Civ. Proc. 8. A complaint must contain more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Rule 8 is designed to provide defendants with fair notice of the claims and the factual allegations supporting those claims. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff's claims are vague, conclusory, and do not provide fair notice to defendants of what right the Defendants allegedly violated. First, Plaintiff "strongly believes he was targeted for racial profiling." (FAC ¶ 22.) Second, Plaintiff alleges that Officers Belvis and Moya "presented a willful intent to violate Plaintiff's federal rights to liberty," "demonstrated a clear disrespect," violated "Plaintiff's right to remain silent," violated "his right to liberty" and "treated Plaintiff's property with deliberate indifference, in violation of Plaintiff's Eight amendment right." (*sic*) (*Id.* at ¶ 23.) Plaintiff's two paragraphs of allegations are a list of conclusory allegations that merely recites constitutional protections spanning several Constitutional Amendments. Therefore, the Court DISMISSES Plaintiff's third cause of action as to the individual officer with leave to amend. The Court notes that each alleged civil rights violation should receive its own section.[3]

### 2. MTS's Liability as a Supervisor

With respect to Plaintiff's claims against MTS, a local government entity "may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior*." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). However, local government entities may be subject to liability under Section 1983 where the alleged constitutional violation results from an official policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

The Ninth Circuit sets forth three ways a plaintiff could establish vicarious liability against a local government entity. *See Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1534

---

[3] The Court does not address Defendant's qualified immunity argument because the argument is moot.

(9th Cir. 1995)  First, a plaintiff may show liability "by proving that a city employee committed the alleged violations pursuant to the city's official policy or custom." *Id.* Second, a plaintiff may show "that, rather than being the product of general official policy, on a given occasion the conduct was the result of a 'deliberate choice . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986)).  Third, a plaintiff could demonstrate that "an official policymaker either delegated policymaking authority to a subordinate or ratified a subordinate's decision, approving the 'decision and the basis for it.'" *Id.* (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126-27 (1988)).

Plaintiff has failed to allege facts that would establish liability under any of these three prongs.  The Court DISMISSES Plaintiff's third claim as to MTS with leave to amend, provided if Plaintiff can sufficiently allege facts showing vicarious liability.

### D. Intentional Infliction of Emotional Distress

Plaintiff's fourth claim alleges Officers Belvis and Moya intentionally inflicted emotional distress because "Plaintiff's hands were bound with unreasonable force by Officer Moya, and his laptop was thrown by Officer Moya so forcefully that it is now broken." (*Id.* at 24-25.)

Under California law, to establish a claim of intentional infliction of emotional distress ("IIED") a plaintiff must prove "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant outrageous conduct" to make a claim of intentional emotional distress. *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991) (internal quotation omitted).  Outrageous conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* at 904.  The distress must be so severe that "no reasonable [person] in a civilized society

should be expected to endure it." *Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal.App.3d 376, 397 (1970).

Plaintiff alleges that, as a result of his detention by Officer Belvis, he was "57 minutes late to work" and "has had to deal with severe amounts of stress as a result of the abuse that he suffered unnecessarily." (FAC ¶¶ 24-25.) Given the facts as pled, the Court finds no cognizable claim for IIED against the officers. Amongst other deficiencies, Plaintiff fails to allege facts amounting to extreme conduct and fails to allege the officers acted with intent or reckless disregard. Therefore, the Court dismisses Plaintiff's fourth claim as to Officer Belvis with leave to amend.

Moreover, Plaintiff fails to allege any facts that would establish direct liability for MTS, or mention MTS at all, in the pleading. Although an employer can be vicariously liable for the wilful and malicious torts that employees commit within the scope of their employment. *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 618 (1989). The Court has dismissed the claim of IIED against MTS's employee, Officer Belvis, MTS cannot be liable under the theory of respondeat superior. Therefore, the Court DISMISSES Plaintiff's fourth claim as to MTS with leave to amend, provided if Plaintiff can sufficiently allege facts connecting MTS to the claim.

**E.   Conversion**

Plaintiff's fifth claim alleges Officer Moya took his computer case and intentionally threw it to the ground with a great amount of force causing the computer to break. (*Id.* at ¶ 26.) Under California law, to establish a claim for conversion a plaintiff must show "(1) his ownership or right to possess the property at the time of the conversion; (2) that the defendant disposed of the plaintiff's property rights or converted the property by a wrongful act, and (3) damages." *Bank of N.Y. v. Fremont Gen. Corp.*, 523 F.3d 902, 914 (9th Cir. 2008).

In the present case, Plaintiff fails to allege any facts showing how Officer Belvis or MTS disposed of his property rights. Plaintiff alleges that "Officer Moya took possession of Plaintiff's computer case and threw it intentionally." (FAC ¶ 26.) The alleged force

caused the computer to break. (*Id.*) However, Plaintiff does not allege any involvement by Officer Belvis in breaking the computer. Therefore, the Court and DISMISSES Plaintiff's claim of conversion with respect to Officer Belvis with leave to amend. As with the reasoning stated above, the Court also DISMISSES the claim against MTS with leave to amend.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss. (Doc. No. 9.) Plaintiff shall have thirty (30) days to file an amended complaint addressing the deficiencies noted herein. No new parties or claims may be added without leave of Court. Failure to file an amended complaint by the stated time will result in dismissal of the action without prejudice.

IT IS SO ORDERED.

DATED: November 7, 2013

Hon. Anthony J. Battaglia
U.S. District Judge