UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR COLLINS, an Individual,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO METROPOLITAN TRANSIT SYSTEM; OFFICER D. BELVIS; OFFICER F. MOYA; UNIVERSAL SERVICES OF AMERICA, INC.; AND DOES 1-10, INCLUSIVE,<br><br>　　　　　　Defendants. | CASE NO. 3:13-cv-0960-AJB-WMC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>[Doc. No. 27] |

　　　Presently before the Court is Defendants San Diego Metropolitan Transit System ("MTS") and Officer D. Belvis' (collectively, "Defendants") Motion to Dismiss (Doc. No. 24) Plaintiff Victor Collins' ("Plaintiff") Fourth Amended Complaint ("FAC") (Doc. No. 23). For the third time, Defendants seek a dismissal of Plaintiff's Complaint for failure to state a claim. For the following reasons, Defendants' motion is GRANTED.

**I.　BACKGROUND**

　　　The instant action arises from an incident that occurred on April 12, 2012, on the San Diego Blue Line trolley. (Doc. No. 23 at 2.) Plaintiff alleges that Officer Belvis, an employee of MTS, and Officer Moya, an employee of Universal Services of America, conducted a fare inspection of Plaintiff's ticket. (*Id.*) Plaintiff further alleges that, after he provided a valid ticket, Officer Belvis hesitated to return the ticket and Officer Moya

told Plaintiff "I will deny you service." Officers Belvis and Moya then escorted Plaintiff off the trolley at the subsequent stop. (*Id.* at 2-3.)

As the officers escorted Plaintiff off the trolley, Officer Moya allegedly took Plaintiff's computer case, dropped it on the floor with unnecessary force, and then used extreme force while applying hand restraints on Plaintiff. (*Id.* at 3)  According to Officer Belvis's report, he had been attempting to conduct a welfare check on Plaintiff, who was combative and non responsive. (*Id.* at 4.)   After restraining Plaintiff, the officers then asked if there were any illegal drugs or weapons in the computer case, if Plaintiff was the subject of any outstanding warrants, and if he was under the influence of drugs, alcohol, or medication. (*Id.* at 3.)  Plaintiff further claims that at this time, he declared to Officer Belvis that he wanted to speak to an attorney and elected not to respond any questions. (*Id.*)  After fifty minutes, Officer Williams of the San Diego Police Department arrived and Plaintiff was cited for failure to comply with a lawful order. (*Id.*)  On October 19, 2012, Plaintiff appeared at a state trial to argue the citation. (*Id.* at 4.)  The state court ordered Plaintiff to pay a $275 fine by working at a non-profit organization.  (*Id.*) Plaintiff appealed and on June 7, 2013, "an Order was signed reversing the judgment by the trial court, by unanimous decision of the reviewing judges." (*Id.* 9.)  An examination of the appellate court decision shows that the panel reversed the lower court judgment and remanded for further proceedings. (Doc. No. 17 at Ex. A, Minute Order, Appellate Case Number: CA244035.)

Plaintiff filed a First Amended Complaint ("FAC") on May 7, 2013, alleging five causes of action: (1) malicious prosecution; (2) abuse of process; (3) violation of civil rights; (4) intentional infliction of emotional distress; and (5) damage to personal property. (Doc. No. 5.)  After several rounds of motions to dismiss filed by Defendants, Plaintiff's only remaining claim is a violation of his civil rights pursuant to 42 U.S.C. § 1983 as to all Defendants.  Defendants once again seek a dismissal of this claim under Federal Rule of Civil Procedure 12(b)(6).  Defendants contend that Plaintiff's FAC is "confusing and uncertain in that it fails to adequately put defendants on notice of the

claims asserted against them." (Doc. No. 24 at 2.) The Court agrees with this characterization.

## II. DISCUSSION

### A. Legal Standard for a Motion to Dismiss

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

A Rule 12(b)(6) dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 664. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not possibly cure the complaint's deficiencies. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998). In determining whether to permit the opportunity to amend a complaint, the Court considers the delay caused by repeated amended complaints, prejudice to defendants, futility, and bad faith. *See*; *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)*; DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

//

**B.      Section 1983 Claim Against Officer Belvis**

Plaintiff's FAC claims that "Defendants, while acting 'under color of state law', intentionally deprived the Plaintiff of rights under the Constitution of the United States *such as* the First, Fourth, or other Bill of Rights *or* for a substantive violation of the Due Process Clause of the Fourteenth Amendment." (Doc. No. 23 at 6-7) (emphasis added). Moreover, Plaintiff claims that the Defendants "intentionally violated his civil rights to freedom and possession of his personal property by abusing their authority . . . acting outside the scope of their duty . . . forcefully restraining him, and damaging his personal property . . . ." (*Id.*)  The Court previously dismissed this claim where Plaintiff had failed to even merely isolate "the precise constitutional violation with which the defendant is charged," let alone provide a sufficient factual basis to put the Defendants on notice with the conduct they are being charged with. (*See* Order Dismissing, Doc. No. 22.) Plaintiff's FAC shows little improvement. Indeed, Plaintiff ignored the Court's clear instructions on how to organize, frame, and support his civil rights claims.

Though he names five specific Amendments to the United States Constitution: (1) First Amendment; (2) Fourth Amendment; (3) the Fifth Amendment; (4) Eighth Amendment; and (5) Fourteenth Amendment's substantive due process, Plaintiff only *attempts* to provide factual allegations supporting a potential Fourth Amendment violation.[1] (Doc. No. 23 at 6.) As an initial matter, the Court declines to address Plaintiff's claims where he fails to identify the precise constitutional right allegedly violated. As noted in its previous orders dismissing, the Court cannot grant relief for a violation of some "general right to freedom," as opposed to a clearly established constitutional right.

To state a claim under 42 U.S.C. §1983, a plaintiff must allege sufficient facts to show: (1) a person acting "under color of state law" committed the conduct at issue, and

---

[1] Plaintiff appears to allude to other possible Constitutional violations, the Court declines to entertain the possibility that Plaintiff is pleading "other" violations of civil rights. It is not the place of the Court to substitute its judgement and hypothesize what other claims Plaintiff meant to plead. The Court uses the word "attempt" very liberally.

(2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Shah v. County of Los Angeles*, 797 F.2d 743, 746 (9th Cir. 1986). Section 1983 claims must also conform to Rule 8's pleading standards. *See* Fed. R. Civ. Proc. 8. A complaint must contain more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Rule 8 is designed to provide defendants with fair notice of the claims and the factual allegations supporting those claims. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

The United States Supreme Court has explained that any § 1983 claim must begin by isolating "the precise constitutional violation with which the defendant is charged." *Baker v. McCollan*, 443 U.S. 137, 140 (1979). The FAC does not meet this requirement for any alleged First, Fifth, Eighth, and Fourteenth Amendment, and barely meets the requirement for the alleged Fourth Amendment violation, which albeit requires a very careful reading to filter through the muddled allegations.

      1.    <u>Fourth Amendment Violation</u>

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. CONST. amend. IV. The Fourth Amendment "provides an explicit textual source of constitutional protection against . . . physically intrusive government conduct, including excessive force during a search or seizure." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Moreover, this protection extends to unreasonable searches and seizures of both property and the person. *See Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 62 (1992).

In what appears to be a copy and paste job on the law of the Fourth Amendment, Plaintiff's FAC explains that a Fourth Amendment violation may be established by factual omissions in a search warrant to render the warrant invalid. (Doc. No. 23 at 7.) As to his allegations, Plaintiff claims that he was restrained unnecessarily and his property searched without reasonable cause. Moreover, Plaintiff believes that he was a victim of racial profiling when Officer Belvis "maliciously and intentionally lingered with the intent to racially profile Plaintiff despite having received proof of valid ticket

fare . . . instigated a negative response from Plaintiff to then retaliate by restraining him and damaging his personal property." (Doc. No. 23 at 8.)  Due the haphazard way Plaintiff pieces his Complaint together, the Court has difficulty making heads or tails of exactly what Plaintiff alleges.

Based upon the factual allegations, Plaintiff was stopped during a ticket inspection.  A process by which MTS officers obviously would not have a warrant for.  The Court is thus hard pressed to understand why Plaintiff's Complaint would even include any statements about a warrant and the lack of material facts in the warrant.[2]  It is not the Court's role to attempt to read Plaintiff's mind and determine exactly what he intended to do.  Is Plaintiff pleading a Fourth Amendment violation based upon a search and/or seizure without a warrant?  Is Plaintiff arguing that Officer Belvis and Moya needed a warrant to conduct a fare inspection?  The Court cannot answer these questions for Plaintiff.  The Court has already twice instructed Plaintiff on exactly what is needed to state a viable claim of civil rights violation, the Court's patience is wearing thin.

The only factual allegations that may potentially support a Fourth Amendment violation go towards whether the two officers used excessive force in restraining and escorting Plaintiff off of the trolley as well as taking his laptop and dropping it on the ground with "unnecessary force." (Doc. No. 23 at 2-3).

"Claims of excessive force in the making a . . . seizure of the person . . . is properly analyzed under the Fourth Amendment's objective reasonableness standard." *Scott v. Harris*, 550 U.S. 372, 381 (2007) (internal quotation marks and citations omitted). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature of and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application.  *See Bell v.*

---

[2] The Court highly recommends Plaintiff's counsel to read the brief for clarity and consistency before filing with the Court.

*Wolfish*, 441 U.S. 520, 559 (1979).  Its proper application requires careful attention to the facts and circumstances of each particular case.  *See Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985) (stating the question is "whether the totality of the circumstances justifie[s] a particular sort of . . . seizure").

As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *See Scott v. United States*, 436 U.S. 128, 137–139, 98 S. Ct. 1717, 1723–1724.  An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional. *Id.* at 138, 98 S. Ct., at 1723.  Subjective inquiries, like malicious intent, have no proper place under the Fourth Amendment inquiry.  *See Graham*, 490 U.S. at 399.

As an initial matter, the *only* factual assertions made against Officer Belvis in the detention of Plaintiff during the fare inspection transaction was that Officer Belvis, along with Officer Moya, "forcefully corralled Plaintiff and escorted him off the trolley." (Doc. No. 23 at 3.)  Such a vague statement, on its own, is not a sufficient factual basis that would support a § 1983 claim that meets the pleading standards of Rule 8.  Even accepting the allegation as true and drawing all reasonable inferences in Plaintiff's favor, the Court finds the FAC does not even rise to the level of showing a *mere possibility* that Officer Belvis committed a Fourth Amendment violation.  As such, Officer Belvis would not have sufficient notice as to what his alleged unlawful act was.

As to any *potential* inference of the use of excessive force, these allegations are made only against Officer Moya.  According Plaintiff: (1) Officer Moya took Plaintiff's computer case and dropped it on the floor; (2) Officer Moya used "extreme force" in applying the hand restraints and; (3) Officer Moya looked inside the computer case.  (*Id.*)  Plaintiff claims that Officer Belvis "maliciously lingered" with racist intent.  (*Id.* at 8.)

However, as stated above, such subjective inquiries have no place in the Fourth Amendment inquiry. Again, Plaintiff's FAC falls woefully short of pleading a § 1983 claim in accordance with the requirements of Rule 8. Using the term "forcefully" in describing the way Officer Belvis escorted Plaintiff off the trolley is insufficient to plead a claim of excessive force. Accordingly, the Court fails to see how Officer Belvis violated any of Plaintiff's Fourth Amendment rights.

Instead of shedding some light as to his claims, Plaintiff's Response in Opposition completely envelops the Court in a black haze of confusion and decimates what little understanding the Court had in the first place. First, Plaintiff claims that Defendants moved to dismiss based on lack of subject matter jurisdiction. (Doc. No. 26 at 6.) That is simply not the case and Plaintiff's counsel would have known that had he actually read the Motion to Dismiss. Indeed, the caption of the Motion expressly states Rule 12(b)(6). Second, Plaintiff recites the elements of a malicious prosecution and abuse of process claim. After three rounds of motions to dismiss, the Court is well aware of the elements of these causes of action. (*Id.* at 7-8.) What the Court is unaware of is why Plaintiff is even mentioning these causes of action as they have been dismissed without leave to amend. Third, Plaintiff claims Defendants' actions entitle him to relief under § 6701. (*Id.* at 9). The Court has not the slightest clue as to what relief Plaintiff means as this is the first mention of any § 6701 and Plaintiff does not even include the entire statute.[3]

### 2. First Amendment

Plaintiff claims Defendants violated his First Amendment rights but fails to enlighten the Court as to which specific right and what conduct committed by which Defendant. The Court takes a moment to play the role of a first year law school constitutional law professor to inform Plaintiff's counsel of what protections the First Amendment encompasses. Among other rights, the First Amendment protects freedom of speech and press. U.S. Const. amend. I. "The First Amendment protects the right of

---

[3] The Court notes that these are only three of the more glaring deficiencies contained in Plaintiff's Response.

an individual to speak freely, to advocate ideas, to associate with others, and to petition his government for redress of grievances . . . . The government is prohibited from infringing upon these guarantees either by a general prohibition against certain forms of advocacy . . . or by imposing sanctions for the expression of particular views it opposes. *Smith v. Ark. State Highway Emp., Local 1315*, 441 U.S. 463, 464, 99 S. Ct. 1826, 1827 (1979). Plaintiff has provided no factual allegations to support a First Amendment violation during the exchange between Plaintiff and Defendants, and the Court cannot even fathom one by any stretch of the imagination.

### 3. Eighth Amendment

The Eighth Amendment states "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. As the Court explained in the previous January 31, 2014 Order, none of the Eighth Amendment protections extend to Plaintiff. (*See* Doc. No. 22 at 12.) Plaintiff's FAC fails to address the gross deficiencies that warranted the dismissal of the TAC, despite the Court's conspicuous notations. Unlike what Plaintiff seems to imply, the Eighth Amendment does not protect a person's property from being treated with "deliberate indifference." (*See* Doc. No. 23 at 9.)

### 4. Fifth Amendment

Though Plaintiff haphazardly references the Fifth Amendment, his FAC again fails to state a claim. The United States Supreme Court has ruled that suspects may not be subjected to "custodial interrogations" unless they have been informed of their Miranda rights. *Miranda v. Arizona*, 384 U.S. 536, 478-79 (1955). Officers though, are not required to administer Miranda warnings to everyone whom they question. *Oregon v. Mathiason*, 429 U.S. 492 (1977). Even assuming that Officer Belvis should have administered the warnings, *Miranda* warnings are prophylactic only; they are not constitutional rights in themselves. *Oregon v. Elstad*, 470 U.S. 298, 305 (1985). A bare *Miranda,* violation therefore, does not violate the Constitution. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003) ("[V]iolations of judicially crafted prophylactic rules do not violate

the constitutional rights of any person."). A *Miranda* violation only ripens into a constitutional inquiry when the compelled statements are "used" in a criminal case against the witness. *Id.* at 767.

Plaintiff states that his "right to remain silent" was violated when he was restrained for failure to answer inquiries from Officer Belvis. Plaintiff claims that he "declared to Officer Belvis that he wanted to speak to an attorney and elected not to respond to the questions Officer Belvis asked." (Doc. No. 23 at 3.) First, the allegations are insufficient for the Court to construe his claim as a violation of his *Miranda* rights. Where an individual indicates that he wishes to remain silent, the officer must scrupulously honor that right and cease interrogations. *See Michigan v. Mosley*, 423 U.S. 96, 100 (1975). However, given the lack of facts, the Court is unable to determine whether or not *Miranda* warnings were warranted by the situation and whether or not Officer Belvis continued questioning Plaintiff after he stated he wanted an attorney. Second, even if the Court were to find Plaintiff adequately pled a *Miranda* violation, the FAC would still be deficient in showing that the violation ripened into a constitutional inquiry that would support a § 1983 claim. Plaintiff failed to allege any facts that would show any statements he made were used in a criminal proceeding against him.

     5.    <u>Substantive Due Process Rights</u>

First, Plaintiff fails to identify which substantive due process right was violated and how it was violated. Second, his claim involving the use of excessive force, the only factual allegations made, can only be properly brought under the Fourth Amendment. *Graham*, 490 U.S. at 394 ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment . . . .").

Plaintiff, once again, fails to adequately plead a § 1983 cause of action against Officer Belvis that would meet the requirements of Rule 8 as interpreted by the Supreme Court. As such, the civil rights claim against Officer Belvis is DISMISSED without leave to amend.

B.     **MTS Liability**

In the Courts previous two Orders dismissing, the Court expressly stated what Plaintiff needed to plead in order to establish liability against a local government entity under §1983. (Doc. Nos. 16 at 7-8; 22 at 13.)  Had Plaintiff read these Orders, he might have known that he would have needed to *plead facts* to show either an official policy or custom of violating rights, a deliberate choice made by officials responsible for establishing policies, or an official ratification of a subordinate's decision. *See generally Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1534 (9th Cir. 1995) (stating the three prongs by which a defendant may establish liability against a local government entity). No factual allegations that go to any of these three prongs have been made.  This is Plaintiff's fourth attempt in establishing a viable claim against MTS, even with the Court's clear guidance, Plaintiff again fails.  As such, Plaintiff's claim against MTS is DISMISSED without leave to amend.

III.     **CONCLUSION** [4]

Plaintiff's FAC, once again, fails to adequately plead a claim of civil rights violations against Officer Belvis and MTS.  Any further opportunities for Plaintiff to amend his complaint would be an exercise in futility, prejudice the Defendants, and cause unnecessary delay for all parties involved.

For the foregoing reason the Motion to Dismiss is GRANTED and Plaintiff's claims against Officer D. Belvis and MTS are DISMISSED without leave to amend. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) ("Where the plaintiff has previously filed an amended complaint, . . . the district court's discretion to deny leave to amend is 'particularly broad.'" (quoting *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002))).

//

//

---

[4] As the Court has, once again, dismissed Plaintiff's claim under Rule 12(b)(6) failure to state a claim, the Court declines to address whether Defendants are entitled to immunity as moot.

1  IT IS SO ORDERED.

2

3  DATED: June 4, 2014

4

5  Hon. Anthony J. Battaglia
   U.S. District Judge